**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **Jane Doe I,** *et al.,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 3:16-0199** |
| | ) | **JURY DEMAND** |
| **v.** | ) | |
| | ) | **Judge Trauger** |
| **The University of Tennessee,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MOTION TO STRIKE PARAGRAPH 21 OF THE COMPLAINT**
**AND MEMORANDUM IN SUPPORT**

Defendants, by and through counsel, respectfully request the Court to strike Paragraph 21 of the Complaint pursuant to 12(f) of the Federal Rules of Civil Procedure. This paragraph, referencing a twenty-year old allegation against noted University of Tennessee alumnus Peyton Manning, is immaterial, impertinent, and scandalous. It appears that Plaintiffs' attorney included Paragraph 21 in a misguided (and unfortunately successful) attempt to generate publicity for this meritless lawsuit. Because of the utter lack of relevance the decades-old allegation against Peyton Manning has to this lawsuit, the Court should strike Paragraph 21 in its entirety.

## BACKGROUND

In their Complaint, Plaintiffs allege that Defendants violated 20 U.S.C. § 1681(a) and 42 U.S.C. § 1983 for actions the University allegedly took (or failed to take) in response to alleged sexual assaults[1] Plaintiffs contend occurred between 2013 and 2015. (*See* D.E. 1, Compl.) Far from being the "short and plain statement of the claim" dictated by Rule 8 of the Rules of Civil Procedure, as it rambles towards its request for relief, the sixty-four page Complaint takes a

---

[1] Plaintiff Jane Doe V, however, does not allege she was assaulted. (*See* Compl., DE 1, ¶¶ 189-200.) Instead she claims she was traumatized by receiving "multiple communications from football players" and from witnessing an alleged fight in Smokey's dining hall. (*Id.*)

1

series of detours including a table of contents inserted for unknown reasons on its fifth page, an analysis of Lil' Jon lyrics, a discussion of a 1995 incident involving Nilo Smith, and (as pertinent to the instant motion) a discussion of a 1996 allegation against Peyton Manning in Paragraph 21. (*Id.* at ¶¶ 20, 141 through 146.) Paragraph 21 reads,

> 21. In 1996, (then) Jamie Whited, the first female associate trainer in UT's history, reported an incident to the Sexual Assault Crisis Center in Knoxville alleging that UT football player Peyton Manning had, in brief, "sat on her face" while she was assessing the extent of an injury. The incident was settled in 1997 for an undisclosed amount conditioned on the victim leaving her job at the University. See http://usatoday30.usatoday.com/ sports/football/nfl/colts/2003-11-04-manningsuit_x.htm (*last visited* December 9, 2015).

(Compl., DE 1, at ¶ 21.) The Complaint does not assess the incident in itself, but only mentions that a report was made, apparently asking the Court for credulity as to the underlying incident.

Plaintiffs fail to explain with any credibility why they included the 1996 allegation in their Complaint. The Complaint does not allege that anyone of note in the administration or the athletics department was employed at UT in 1996, nor does it claim that any of the students involved in this lawsuit were present at UT in 1996. Instead, the Complaint alleges only that the Jane Doe Plaintiffs were students at UT at various dates between the years 2012 and 2015, which, most likely would mean they were toddlers in 1996. (*Id.*, ¶¶ 11-15.)

Indeed, Plaintiffs' attorney has admitted to the media that the alleged Peyton Manning allegation was only included as "part of the overall background and history." *See* Steve Megargee, *Lawyer in Title IX Case Says Focus is UT, Not Peyton Manning*, AP, Feb. 16, 2016. Web. Feb. 18, 2016. (attached as **Exhibit 1**). In another interview, Plaintiffs' attorney characterizes the Complaint's inclusion of the twenty year old allegation as "simply a backdrop to the institutional issues." CNN Wire, *Peyton Manning Mentioned in University of Tennessee*

2

*lawsuit over sexual assaults*, CBS 6 Knoxville, Feb. 18, 2016. Web. Feb. 18, 2016. (attached as **Exhibit 2**). While Plaintiffs' attorney claims that the media attention this rehashing of the 1996 alleged incident has garnered is "certainly unanticipated," he has also made clear his intention to embark on a high-publicity fishing expedition:

> Smith did say that as he prepares discovery for the Title IX lawsuit, he would look into some of the allegations in the 2003 document that details how former Volunteers trainer Jamie Ann Naughright[2] perceived Tennessee was handling her sexual harassment complaints against the men's athletic department.

*See* Megargee, *Lawyer in Title IX Case Says Focus is UT, Not Peyton Mannin*g (footnote added).

<u>**ARGUMENT**</u>

### A. Rule 12(f) Standards

Defendants request that the Court strike Paragraph 21 of the Complaint because it is immaterial, impertinent and scandalous. Fed. R. Civ. P. 12(f). "Content is immaterial when it has no essential or important relationship to the claim for relief. Content is impertinent when it does not pertain to the issues raised in the complaint. Scandalous material improperly casts a derogatory light on someone, most typically on a party to the action." *Sube v. City of Allentown*, 974 F. Supp. 2d 754, 769 (E.D. Penn. 2013) (internal citations and quotations omitted).

Although such motions are disfavored, "[d]istrict courts have discretion in determining whether to grant a motion to strike." *Starnes Family Office, LLC v. McCullar*, 765 F. Supp. 2d 1036, 1047 (W.D. Tenn. 2011) (citing *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 480 (6th Cir. 2003)). "A motion to strike may be granted 'if it aids in eliminating spurious issues before trial, thereby streamlining the litigation.'" *Id.* (citations omitted.) "The standard of materiality in a Motion to Strike pursuant to Fed. R. Civ. P. 12(f) is a loose one: defendants must show that the challenged allegations 'can have no possible bearing upon the subject matter of the litigation.'"

---

[2] In 1996, Jamie Naughright was known as Jamie Whited.

3

*Sadler v. Benson Motors Co.*, 1997 WL 266735 at *1 (E.D. La. 1997) (citations omitted). A number of courts have required the movant to show that "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Tucker v. American Int'l Group, Inc.* 936 F. Supp. 2d 1, 16 (D. Conn. 2013) (citations omitted) (striking some allegations about the nature of defendant's business practices, where the court could "conceive of no possible circumstances in which the report might be admissible," and where they were irrelevant and unduly prejudicial).

Courts recognize that it is appropriate to strike material included in a pleading for an inflammatory purpose. *Sadler*, 1997 WL 266735 at *1 (striking language where it was "included in the complaint only for inflammatory effect."). For example, in *Oram v. SoulCycle, LLC*, 2013 WL 5797346 (S.D.N.Y. 2013), a former employee filed a lawsuit alleging that he was improperly paid and subjected to unlawful retaliation. *Id.* at *1-2. The Court found that the complaint "include[d] certain unnecessary and inappropriate statements prejudicial to Defendants in that as a pleading, [it] may be reviewed by the jury at the trial of this matter." *Id.* at *11. Specifically, the plaintiff made several statements about how the defendant mistreated its customers. *Id.* The Court concluded that "allegations to SoulCycle's alleged 'mistreatment of customers' are immaterial and irrelevant to this case and the alleged 'mistreatment of customers' 'serves no purpose except to inflame the reader' and accordingly, will be stricken." *Id.* at * 12.

**B. Paragraph 21 should be struck pursuant to Rule 12(f).**

Plaintiffs have made the immaterial, impertinent, and scandalous allegation that Jamie Whited reported an incident in which Peyton Manning had, according to the Complaint, "sat on

4

her face." This incident allegedly happened in 1996. The Plaintiffs fail to establish with any credibility how the incident relates to their claims against UT.

Any attempt by the Plaintiffs to introduce evidence of the alleged Peyton Manning incident should be prohibited under the rules of evidence. First, the incident does not appear to be relevant within the meaning of Fed. R. Evid. 401. Furthermore, the allegations in Paragraph 21 could only possibly be relevant if the court found that Peyton Manning committed sexual assault—but the Plaintiffs would have to introduce proof sufficient "to support a finding that the fact does exist." Fed. R. Evid. 104(b). Plaintiffs have not done so. Furthermore, even if the Plaintiffs attempted to introduce proof on this issue, the evidence should be barred because the probative value of the evidence would be substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. Fed. R. Evid. 403. Thus, "no evidence in support of [their] allegations [in Paragraph 21] would be admissible." *See Tucker*, 936 F. Supp. 2d at 16. The twenty-year-old allegation against Peyton Manning has "no bearing on the issues in the case." *See id.* This case is not about plumbing the depths of the veracity of Ms. Whited's claim, and it is doubtful that either individual mentioned in Paragraph 21—neither of whom is a party to this lawsuit—would enjoy discovery or the resulting publicity such discovery would cause.

The only purpose of Paragraph 21 is to unduly prejudice the University by means of negative press coverage. Plaintiffs' Complaint "includes certain unnecessary and inappropriate statements prejudicial to" the University and that "are immaterial and irrelevant to this case … [and] … 'serve[] no purpose except to inflame the reader.'" *SoulCycle, LLC*, 2013 WL 5797346 at *11-12. Finally, "to permit the allegations to stand would result in prejudice to the movant" (*id.*)*,* and more importantly, prejudice to Peyton Manning, who is not a party to this lawsuit.

5

If the motion to strike is not granted, Plaintiffs' will embark on a fishing expedition, seeking intrusive discovery that will invade Ms. Naughright's and Mr. Manning's privacy—as discussed above, Plaintiffs' attorney has openly admitted as much. Granting the University's motion to strike would "aid[] in eliminating spurious issues before trial, thereby streamlining the litigation.'" *Starnes Family Office,* 765 F. Supp. 2d at 1047. It is likewise entirely appropriate for the Court to strike Paragraph 21 on the basis that it is intended to inflame passions and to unfairly prejudice the University. *See Oram*, 2013 WL 5797346 at *12. The University believes that Peyton Manning has no role in this action and respectfully urges the Court to force Plaintiffs to leave him out of their lawsuit.

## CONCLUSION

The Plaintiffs have made an immaterial, impertinent, and scandalous reference to a 20-year-old alleged incident involving Peyton Manning. The allegation does not involve the Plaintiffs. The Plaintiffs do not allege that they were students at UT in 1996, nor that any of the current administrators were employed by UT at that time. The incident is irrelevant to the Plaintiffs' claims, and any evidence relating to the incident would be barred by the rules of evidence. The University's motion to strike Paragraph 21 of the Complaint should be granted. Respectfully, the Court should force the Plaintiffs to leave Peyton Manning out of their lawsuit.

Respectfully submitted,

**NEAL & HARWELL, PLC**


By:      s/William T. Ramsey
         William T. Ramsey, #009245
         Kendra E. Samson, # 018976
         Robert A. Peal, #025629

150 Fourth Avenue North, Suite 2000
Nashville, TN 37219
(615) 244-1713 – Telephone
(615) 726-0573 – Fax
bramsey@nealharwell.com
ksamson@nealharwell.com
rpeal@nealharwell.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of February, 2016, this document was electronically filed with the Court and a copy was served via the method(s) indicated below, on the following counsel of record:

☐ Hand
☐ Mail
☐ Fax
☐ Fed. Ex.
☐ E-Mail
☒ EFS

David Randolph Smith
Dominick R. Smith
W. Lyon Chadwick
Christopher W. Smith
**David Randolph Smith & Associates**
1913 21st Avenue South
Nashville, TN  37212


s/ William T. Ramsey

8